# EXHIBIT C

IN THE COURT OF COMMON PLEAS OF LAWRENCE COUNTY, PENNSYLVANIA
CIVIL DIVISION

INNOVATIVE CONSTRUCTION, INC.,
SANDRO, LLC, ANDREW MENICHINO   No. 10915 OF 2023 *jm*
and LINDA MENICHINO

       Plaintiffs,

       v.                                    **COMPLAINT IN CIVIL ACTION**

COUNTY OF LAWRENCE,
MORGAN BOYD, individually and as          **JURY TRIAL DEMANDED**
former chairman of Lawrence County
Commissioners, TOWNSHIP OF UNION,
MELINA CLARK, individually and as
former chair of Board of Supervisors of
Union Township,
LAWRENCE COUNTY TAX CLAIM
BUREAU, ARTISHIA FOSTER,
individually and as Director of Lawrence
County Tax Claim Bureau

       Defendants

Filed on behalf of Plaintiffs

Counsel of Record:

Alexander H. Lindsay, Jr. Esquire
PA I.D. No. 15088
audrey@lindsaylawfirm.com

THE LINDSAY LAW FIRM, P.C.
110 East Diamond Street, Suite 301
Butler, PA 16001
Phone: (724) 282-6600
Fax: (724) 282-2672

FILED/ORIGINAL

2024 JUN 14  PM 2: 06

JODI KLABON-ESOLDO
PRO AND CLERK

1

# IN THE COURT OF COMMON PLEAS OF LAWRENCE COUNTY, PENNSYLVANIA
## CIVIL DIVISION

INNOVATIVE CONSTRUCTION, )
INC., SANDRO, LLC, )
ANDREW MENICHINO, and )   **No. 10915 OF 2023, C.A.**
LINDA MENICHINO )
                                             )
          Plaintiffs, )
                  v. )
                                             )
COUNTY OF LAWRENCE, )
MORGAN BOYD, individually and )
as former chairman of Lawrence )
County Commissioners, TOWNSHIP )
OF UNION, MELINA CLARK, )
individually and as former chair of )
Board of Supervisors of Union )
Township, )
LAWRENCE COUNTY TAX )
CLAIM BUREAU, ARTISHIA )
FOSTER, individually and as )
Director of Lawrence County Tax )
Claim Bureau )
                                             )
          Defendants. )

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiffs. You may lose money or property or other rights important to you.

FILED/ORIGINAL

2024 JUN 14 PH 2: 06

2

JODI KLABON-ESOLDO
PRO AND CLERK.

YOU MUST TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Office of Lawyer Referral
Third Floor
Lawrence County Government Center
430 Court Street
New Castle, PA 16101
724-656-1921

FILED/ORIGINAL

2024 JUN 14  PM 2: 06

3

JODI KLABON-ESOLDO
PRO AND CLERK.

IN THE COURT OF COMMON PLEAS OF LAWRENCE COUNTY, PENNSYLVANIA
CIVIL DIVISION

INNOVATIVE CONSTRUCTION,              )
INC., SANDRO, LLC,                    )
ANDREW MENICHINO, and                 )   **No. 10915 OF 2023, C.A.**
LINDA MENICHINO                       )
                                      )
            Plaintiffs,               )
                                      )
COUNTY OF LAWRENCE,                   )
TOWNSHIP OF UNION,                    )
LAWRENCE COUNTY, MORGAN               )
BOYD, INDIVIDUALLY AND IN             )
HIS OFFICIAL CAPACITY AS              )
CHAIRMAN OF THE BOARD OF              )
COUNTY COMMISSIONERS FOR              )
LAWRENCE COUNTY, MELINA               )
CLARK, INDIVIDUALLY AND AS            )
CHAIRWOMAN OF THE BOARD               )
OF SUPERVISORS FOR UNION              )
TOWNSHIP, LAWRENCE                    )
COUNTY                                )
            Defendants                )

## COMPLAINT IN CIVIL ACTION

AND NOW come the Plaintiffs, Innovative Construction, Inc., Sandro, LLC, the

Sandro Trust, CRRC, LLC and Caravan Recovery and Rehabilitation Center, by and

through their attorneys, Alexander H. Lindsay, Jr., Esquire, and THE LINDSAY LAW

FIRM, P.C., and files the following Complaint, and, in support thereof, avers as follows:

FILED/ORIGINAL

2024 JUN 14  PM 2: 06

JODI KLABON-ESOLDO
PRO AND CLERK.

4

## PARTIES

1.     The Plaintiff Innovative Construction, Inc. (hereinafter "Innovative Construction") is a Pennsylvania Corporation having a primary business address of 3 Timberwood Drive, Greenville, PA 16125.

2.     The Plaintiff Sandro, LLC (hereinafter "Sandro") is a Pennsylvania Limited Liability Company, having a primary business address of 3 Timberwood Drive, Greenville, PA 16125.

3.     The Plaintiff The Sandro Trust (hereinafter "Sandro Trust") is a trust duly established under Florida law by Andrew Menichino, as Settlor and Trustee, with an address of 3 Timberwood Drive, Greenville, PA 16125.

4.     The Plaintiff CRRC, LLC (hereinafter "CRRC") is a Pennsylvania Limited Liability Company, having a primary business address of 3 Timberwood Drive, Greenville, PA 16125.

5.     The Plaintiff Caravan Recovery and Rehabilitation Center, Inc. (hereinafter "Caravan") is a Pennsylvania Corporation, having a primary business address of 3 Timberwood Drive, Greenville, PA 16125.

6.     Defendant, County of Lawrence (hereinafter Lawrence County) is a local government subdivision organized pursuant to the laws of the Commonwealth of Pennsylvania, with its principal office located at Lawrence County Government Center, 430 Court Street, New Castle, PA 16101.

5

7.     The Defendant, Township of Union (hereinafter Union Township), is a political subdivision of the Commonwealth of Pennsylvania, having an address of 1910 Municipal Drive, New Castle, PA  16101.

8.     The Defendant Morgan Boyd (hereinafter "Boyd") is an adult individual who at all times relevant to the facts averred int his Complaint served as Chairman of the Board of County Commissioners for Lawrence County, Pennsylvania, having an address of 430 Court Street, New Castle, PA  16101.

9.     The Defendant Melina Clark (hereinafter "Clark") is an adult individual who at all times relevant to the facts averred in this Complaint served as Chairwoman of the Board of Supervisors for Union Township, Lawrence County, Pennsylvania, having an address of 334 E. Washington Street, New Castle, PA  16101.

10.    The Defendant Lawrence County Tax Claim Bureau is an agency of Lawrence County with its principal office located at Lawrence County Government Center, 430 Court Street, New Castle, PA  16101.

11.    The Defendant Artishia Foster is an adult individual who at all times relevant to the facts averred in this Complaint served as the Director of the Lawrence County Tax Claim Bureau, having an address of 430 Court Street, New Castle, PA  16101.

6

## JURISDICTION

12.     The Court of Common Pleas of Lawrence County is a Court of unlimited jurisdiction pursuant to 42 PA C.S. § 931.

## FACTS

### Subject Property

13.     Plaintiff Innovative Construction was the owner of certain real estate situated in the Township of Union, County of Lawrence, and Commonwealth of Pennsylvania, having a mailing address of 1465 Sampson Street, New Castle, PA 16101.

14.     The property had originally been operated as a Holiday Inn and as Calvary Temple Church from which the property was purchased.

15.     The property consists of approximately 17 acres.

16.     A portion of the property was first purchased by Plaintiff Innovative Construction on or about August 18, 2007 in anticipation of the construction of a new casino and racetrack which was to be constructed nearby.

17.     The Plaintiff Innovative Construction paid One Million Dollars to purchase the property.

18.     The Plaintiff Sandro, LLC invested an additional 1.5 Million Dollars to improve the property.

7

19.    The Plaintiffs Sandro Trust and Sandro LLC financed substantial work on the property including the construction of a recreational vehicle parking lot that could accommodate up to 20 recreational vehicles (RVs) behind the former Holiday Inn building.

20.    The Plaintiffs Sandro Trust and Sandro LLC perfected a Mechanic's Lien and UCC filing against the property on December 28, 2017 and a UCC Financing Statement on January 4, 2018 to secure the value of their investment.

21.    The Plaintiffs collectively operated a restaurant, banquet center and hotel in the former Holiday Inn structure known as Caravan II Albergo.

22.    The Plaintiffs collectively also planned to construct a truck stop on the property.

23.    The plans for the racetrack and casino never materialized but the Plaintiffs continued to work to make improvements on the property for future use.

24.    Due to the sole member of Plaintiff Sandro and the trustee of Sandro Trust, Andrew Menichino, suffering major health issues the restaurant and banquet center was forced to close for extended periods of time.

25.    These closures forced the Plaintiffs to adjust their plans for the property.

**The Facility**

26.    The Plaintiffs sought and obtained approval to serve as a state facility for long-term tenants on the property.

8

27.     The plan for the facility was to have the Plaintiffs serve as the landlord and the state would operate the premises as a transitional facility and truck stop.

28.     Once the facility was fully operational, approximately $40,000 to $50,000 per month would be generated as income.

29.     The property had a second building attached by a walkway converted by the Plaintiffs to serve as a halfway center to accommodate the planned transitional facility.

30.     On June 28, 2018 Plaintiffs Caravan Recovery and Rehabilitation Center and CRRC collectively doing business as CRRC were formed to serve as operator of the transitional facility.

31.     On July 1, 2018 Plaintiff Caravan entered into a lease agreement with Plaintiff Innovative Construction.

32.     The aforesaid lease agreement was entered into in anticipation of the planned operation of the transitional facility and truck stop.

33.     In March of 2020 Plaintiff Caravan received approval to operate a halfway house in conjunction with the Commonwealth of Pennsylvania.

34.     The halfway house was to house individuals in need of drug rehabilitation and non-violent offenders in need of a facility upon release from prison.

35.     The Plaintiffs invested an additional $200,000 to build and install bared window barriers and a locking system at the facility.

9

36.     Due to the Covid-19 pandemic, plans for the facility were placed on hold.

37.     Despite the improvements made on the property, the Plaintiffs were never able capitalize on the plans made for the facility.

**Bankruptcy Filings**

38.     As a result of the many setbacks in the plans for the facility, Plaintiff Innovative Construction filed for both Chapter 11 and Chapter 7 bankruptcy.

39.     The Plaintiffs filed for Chapter 7 bankruptcy on January 28, 2014.

40.     The Plaintiffs filed for Chapter 11 bankruptcy on September 12, 2011 and January 13, 2016.

41.     As a necessary consequence of the bankruptcy filings, any attempts at a tax sale on the property were stayed by federal court.

**The Attacks of Morgan Boyd Regarding Unpaid Taxes**

42.     The Defendant Morgan Boyd, Chairman of the Lawrence County Board of Commissioners made repeated false and defamatory statements in the local media and federal court accusing the Plaintiffs of filing bankruptcy was to delay the tax sale and prevent the Lawrence County Commissioners from recovering unpaid taxes.

43.     Plaintiff Innovative Construction attempted multiple times to have the property reassessed given the age and condition of the property.

44.     Plaintiff Innovative Construction further repeatedly attempted to settle the tax debt for a small sum to no avail.

45.     The Defendant Boyd  and Solicitor Jason Medure insisted that Lawrence County would not accept one penny less than the claimed debt.

46.     Despite this claim by Defendant Boyd, the property was sold for approximately 25% of the total delinquent taxes owed.

47.     The Defendant Boyd further indicated that no one affiliated in any way would be permitted to bid at the special tax sale.

48.     The Defendant Boyd further threatened to have Vince Menichino, the son of Andrew Menichino arrested if he attempted to bid on the property.

### The Tax Sale

49.     The property was scheduled for the following five tax sales:

   A.     September 28, 2018 – tax sale;

   B.     September 27, 2019 – tax sale;

   C.     September 20, 2020 – upset sale;

   D.     April 30, 2021 – judicial sale;

   E.     November 9, 2021 – judicial sale.

50.     Per the requirements of Pennsylvania Real Estate Tax Sale Law, certain requirements must be met prior to any tax sale.

51.     All of the aforementioned five sales had requirements that were not met.

11

52.     While correct notifications were made in past attempts to sell the property at tax sale, only some of the Plaintiffs were notified by certified mail of the November 2021 tax sale.

53.     The property was sold via judicial tax sale on November 9, 2021 to Zarlingo Bros. Property Holdings for $123,000.

54.     The sale amount was much less than the $483,368 in delinquent taxes assess to the Plaintiff Innovative Construction.

55.     The assessed value of the property was $1,293,400.

## Procedural Defects

56.     Generally the procedural requirements of Pennsylvania Real Estate Tax Law, 72 Pa C.S.A. §5860.601 through §5860.803 were not met prior to the Judicial Sale.

57.     Per the requirements of Pennsylvania Real Estate Tax Law, prior to a judicial sale a proper Upset Sale must take place.

58.     No proper upset sale took place in that, among other things:

    A.     Not all parties were served, including all lienholders and the quasi-public corporation, Caravan Recovery and Rehabilitation Center;

    B.     A federal UCC 1 lien was placed on the property in 2018 for 1 million dollars;

    C.     Two Mechanics Liens were filed for approximately $452,000.

59.   On June 8, 2021, the Lawrence County Tax Claim Bureau Petitioned the Court to sell the aforesaid property at a Judicial Tax Sale.

60.   On July 7, 2021, the Court issued an Order directing the sale of the property.

61.   The Plaintiffs herein were not properly advised of their right to appeal.

## Condemnation of the Property

62.   Prior to the tax sale, Defendant Union Township, through Defendant Melina Clark wrongly condemned the property on October 1, 2021 by placing a condemned sign on the hotel.

63.   The Defendant Clark claimed the former Caravan II Albergo complex structure was dangerous or a public nuisance.

64.   After the tax sale, the structures located on the property were demolished and destroyed.

65.   Also destroyed were hundreds of thousands of dollars' worth of personal property and effects were the Plaintiffs were unable to collect due to the change in ownership.

66.   The structure of the building was sound and the interior had been renovated and remodeled by the Plaintiffs in recent years.

67.   Renovation to the exterior of the building was warranted, however condemnation of the property was unnecessary.

13

68.    Plaintiffs aver that Defendants Boyd and Clark had personal animosity toward the Plaintiffs for their attempts to challenge the tax sale and thus had the building condemned.

69.    At no time did the Defendants attempt to contact the Plaintiffs regarding any structural improvements needed on the property to avoid condemnation.

70.    At no time did the Defendants inspect the property to determine if there were any structural deficiencies.

71.    It is clear by the collective actions by the Defendants, the primary motivation for the condemnation of the property and selling of the property at tax sale was not collecting tax money owed to the Defendant Lawrence County but rather a personal vendetta against the Plaintiffs and their principals.


### COUNT I – Complaint for Declaratory Judgment

**Innovative Construction, Inc., Sandro, LLC, The Sandro Trust, CRRC, LLC, And Caravan Recovery and Recovery And Rehabilitation Center**
**v.**
**County of Lawrence, Township of Union, Lawrence County, Morgan Boyd, Individually and in his Official Capacity as Chairman of the Board of County Commissioners for Lawrence County, Melina Clark, Individually and as Chairwoman of the Board of Supervisors for Union Township, Lawrence County**

72.    The prior paragraphs are hereby incorporated by reference as if more fully set forth herein.

14

73.     Defendants colluded to deprive Plaintiffs of their property, by failing to tender proper notice of the pending tax sale on all interested parties, in contravention of Pennsylvania law and the Pennsylvania Constitution. (Chapter 7)

74.     While Plaintiff, Innovative Construction, Inc. was the owner of the Subject Property, Plaintiffs, Sandro Trust and Sandro LLC were the owners of validly recorded liens and financing statements filed against the Subject Property. Additionally, there were several tenants or lessees residing or operating in the Subject Property at the time of the tax sale, including Plaintiff, Caravan Recovery And Rehabilitation Center, Inc., the operator of the halfway house and landlord for twenty (20) tenants; Plaintiff, Caravan, Llc, which operated the restaurant and bar on site; Plaintiff, Caravan Ii Albergo, Llc, which operated the hotel on site; and the St. Andrews CYC Youth Center.

75.     None of these entities were personally served notice of the October 2021 tax sale and only some by certified mail, as required by Pennsylvania law.

76.     The sale of the Subject Property, without proper notice, acted to deprive the Plaintiffs of their real property, in contravention of Pennsylvania law and the Pennsylvania Constitution.

77.     While the property was sold for $123,000.00 at the November 2021 tax sale, Plaintiff Innovative Construction had received several offers from interested buyers in the preceding years at prices of upwards of Two Million Dollars ($2,000,000.00).

78.    Moreover, the unlawful condemnation and demolition of the structures without a proper building inspection to determine the structural integrity of the buildings, was a deprivation of the Plaintiffs real and personal property.

79.    Plaintiffs collectively had personal effects, fixtures, and property that were lost and/or destroyed during the demolition worth hundreds of thousands of dollars.

80.    Due to the collusion of the various Defendants, the Plaintiffs were unable to timely remove all of these items prior to the tax sale given the minimal amount of time between the building condemnation and the date of the tax sale, which effectuated a forcible transfer of the Subject Property.

81.    This resulted in a further deprivation of the Plaintiffs property rights in contravention of Pennsylvania law and the Pennsylvania Constitution.

82.    Plaintiff was further harmed by the defamatory statements made by Defendant Boys to the local news media and federal court, which have impaired the value of the Plaintiff Innovative Construction brand.

WHEREFORE, Plaintiffs request that this Honorable Court award them the following relief:

    i.    Issue a Declaratory Judgment declaring the Defendants actions to be unlawful and in contravention of Pennsylvania law and the Constitution of the Commonwealth of Pennsylvania and that the November 9, 2021 tax sale was null and void;

ii.  Award Plaintiffs its costs and attorneys' fees incurred in the pursuit of this matter;

iii.  Award Plaintiffs damages for actual damages sustained by Plaintiffs in the loss of its real and personal property, as well as impairment of corporate good will;

iv.  Award Plaintiffs damages for consequential losses, including loss of business opportunities, in an amount to be proven at trial;

v.  Award Plaintiffs punitive damages for the unlawful actions of these state actors, and

vi.  Order any such other relief as may be appropriate. A JURY TRIAL IS DEMANDED.

## COUNT II – Violation of 42 U.S.C. §1983
### (Violation of Fifth Amendment and Fourteenth Amendment): Unlawful Taking by Lack of Procedural Due  Process

**Innovative Construction, Inc., Sandro, LLC, The Sandro Trust, CRRC, LLC, And Caravan Recovery and Recovery And Rehabilitation Center**
v.
**County of Lawrence, Township of Union, Lawrence County, Morgan Boyd, Individually and in his Official Capacity as Chairman of the Board of County Commissioners for Lawrence County, Melina Clark, Individually and as Chairwoman of the Board of Supervisors for Union Township, Lawrence County**

83.  The prior paragraphs are hereby incorporated by reference as if more fully set forth herein.

17

84.    The Fifth Amendment states that no person shall be deprived of property "without due process of law."

85.    Defendants are state actors subject to the Fifth and Fourteenth Amendments.

86.    Defendants acted under color of state law.

87.    Defendants acted intentionally and with callous disregard for Plaintiffs' clearly established constitutional rights.

88.    As a direct and proximate result of the unlawful conduct of the Defendants as aforesaid, Plaintiffs have suffered injury in that its property was taken without due process of law.

89.    Plaintiffs are further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by law.

WHEREFORE, Plaintiffs respectfully request judgment against the Defendants for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus costs, interest, attorneys' fees, declaratory and prospective

injunctive relief and other damages as the Court deems appropriate, including injunctive

relief fashioned by the Court.  A JURY TRIAL IS DEMANDED.

Respectfully submitted,

THE LINDSAY LAW FIRM, P.C.,

Alexander H. Lindsay, Jr.
Pa. I.D. No. 15088

110 East Diamond Street, Suite 301
Butler, PA  16001
Phone:  (724) 282-6600
Fax:  (724) 282-2672

19

## **VERIFICATION**

I, Andrew Menchino, do hereby verify that the statements contained in the foregoing document are true and correct to the best of my knowledge, information, and belief. I understand that false statements made herein are subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

**Andrew Menchino**

FILED/ORIGINAL

2024 JUN 14  PM 2: 06

JODI KLABON-ESOLDO
PRO AND CLERK

## CERTIFICATE OF SERVICE

I, Alexander H. Lindsay, Jr., Esquire, hereby certify that I have the

14th day of June, 2024, served a true and correct copy of the foregoing

document on the following by first class U.S. Mail, certified:

Lawrence County Commissioners
430 Court Street
New Castle, PA  16101

Artishia Foster Director and
Lawrence County Tax Claim
Bureau
430 Court Street
New Castle, PA  16101

Morgan Boyd
237 Francis Street
New Wilmington, PA  16142

Union Township
1910 Municipal Drive
New Castle, PA  16101

Respectfully submitted:

THE LINDSAY LAW FIRM, P.C.

Alexander H. Lindsay, Jr.

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the United Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

Signature:

Name: Alexander H. Lindsay, Jr., Esq.

Attorney No. (if applicable): 15088

```
12572506182024          Lawrence County Prothonotary's Office        Page    2
    PYS835                      Docket Entries                    6/18/2024
```

Case No 2023-10915
INNOVATIVE CONSTRUCTION ETAL (VS) COUNTY OF LAWRENCE ET AL

```
     Date
     Filed
- - - - - - - - - - - -  FIRST ENTRY   - - - - - - - - - - - - - - -
```

1 11/03/23 SHERIFF'S COSTS: 11/20/23   $174.00
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
2 11/03/23 COMPLAINT TO REVERSE TAX SALE AND PRAECIPE FOR WRIT OF SUMMONS
           FILED OBO PLTF BY ALEXANDER H LINDSAY, JR; SHERIFF SERVING;
                         009 Image page(s) exist(s) for this entry
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
3 11/08/23 PRAECIPE FOR LIS PENDENS FILED OBO PLTFS BY ALEXANDER H LINDSAY JR
           ESQ; ATTY SERVING;
                         006 Image page(s) exist(s) for this entry
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
4 11/20/23 SHERIFF'S RETURN-NOT SERVED; RICHARD ROSSI DEPUTY SHERIFF,
           AFTER MAKING A DILIGENT SEARCH AND INQUIRY FOR THE WITHIN NAMED
           DEFENDANT MELINA CLARK INDV & AS FORMER @ 630 HICKORY DR, NEW
           CASTLE, PA 16101 WAS UNABLE TO SERVE HIM, THEREFORE RETURNING
           THE WRIT OF SUMMONS;
           ATTEMPTED SERVICE : 11/6/23 2:03 PM
                                      SHERIFF COSTS $174.00
           NOTES: PER RESIDENT OF 8 YEARS DEFT MELINA CLARK DOES NOT RESIDE
           THERE;
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
5 11/20/23 SHERIFF'S RETURN-REGULAR; JASON MANIFRANG DEPUTY SHERIFF SRVD
           WRIT OF SUMMONS UPON MORGAN BOYD INVD & AS FORMER CHAIRMAN OF LAW
           CO COMMS DEFT @ 9:35 AM ON 11/18/23 @237 FRANCIS ST, NEW WILMINGTON
           BY HANDING TO COLLIN BOYD, FATHER A TRUE AND ATTESTED COPY OF
           WRIT OF SUMMONS;
                         001 Image page(s) exist(s) for this entry
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
6 11/30/23 ORDER OF COURT FILED; AND NOW 11/29/23 THE ABOVE-CAPTIONED CASE IS
           SCHEDULED FOR A CASE MANAGEMENT CONFERENCE ON 5/3/24 @ 1:45 PM IN
           CRTRM #2. S/J COX 11/30/23 RULE 236 NOTICE GIVEN TO ATTY LINDSAY(M)
           COUNTY OF LAWRENCE (P), TWP OF UNION (M);
                         002 Image page(s) exist(s) for this entry
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
7 3/22/24 MOTION FOR PRE-COMPLAINT DISCOVERY AND ORDER OF COURT,FILED ON
          BEHALF OF ALEXANDER H LINDSAY ESQ;AND NOW 3/22/24 UPON CONSIDERA-
          TION OF THE MOTION FOR PRE-COMPLAINT DISCOVERY FILED BY PLTFS
          DENIED. COUNSEL FOR DEFTS INDICATED THE MATERIAL BOUGHT WAS PRO-
          VIDED TO PLTFS PREVIOUS AND DEFENSE COUNSEL PROVIDED A COPY OF THE
          TAX CLAIM BUREAU FILE THIS FILE DATE TO PLTF COUNSEL.THE COURT IS OF OPI
          NION IS ADEQUATE FOR PLTFS TO PREPARE THEIR COMPLAINT AND FOLLOW UP
          WITH DISCOVERY;J.COX;3/22/24 RULE 236 NOTICE PROVIDED ON ATTY
          LINDSAY(M) MORGAN BOYD(M) TAX CLAIM(B) UNION TWP(M) MELINA CLARK(M)
          LAWRENCE COUNTY COMMISSIONERS(B)
                         011 Image page(s) exist(s) for this entry
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
8 5/15/24 ORDER OF COURT FILED NOW 5/3/24 THE CRT ENTERED THE FOLLOWING ORDER
          AND IT IS ORDERED,ADJUDGED & DECREED AS FOLLOWS; PLTFS SHALL FILE
          THEIR COMPL WITHIN 45 DAYS OF THE DATE OF THE ORDER OF CRT; THE
          TIMEFRAME MAY BE EXTENDED UPON MTN AND GOOD CAUSE SHOWN; A FURTHER
          CASE MANAGEMENT CONF IS SCHED FOR 9/6/24 @ 2:15 PM IN CRTRM #3;
          S/J COX 5/15/24 RULE 236 NOTICE GIVEN TO ATTY LINDSAY (M) ATTY
          MEDURE (M PER J/COX);
                         003 Image page(s) exist(s) for this entry
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
9 6/14/24 COMPLAINT IN CIVIL ACTION FILED OBO PLTFS BY ALEXANDER H LINDSAY JR
          ESQ, ATTY SERVING;
                         023 Image page(s) exist(s) for this entry

- - - - - - - - - - - -  LAST ENTRY  - - - - - - - - - - - - - - - -
```

12572506182024
PYS835

Lawrence County Prothonotary's Office
Docket Entries
Cover Sheet

Page    1
6/18/2024

Case No 2023-10915

Plaintiff:
  INNOVATIVE CONSTRUCTION INC
  SANDRO LLC
  MENICHINO ANDREW
  MENICHINO LINDA
** (VS) **

Defendant:
  COUNTY OF LAWRENCE
  BOYD MORGAN IND&FORMER CHRM LAW CO COMMIS
  TOWNSHIP OF UNION
  CLARK MELINA IND/FMR CHAIR BD OF SUPERVISOR
  LAWRENCE COUNTY TAX CLAIM BUREAU
  FOSTER ARTISHIA IND/DIR LAW CO TAX CLAIM